James **BENJAMIN, et al.,**
**Plaintiffs–Appellants,**

v.

**Martin HORN, et al., Defendants–**
**Appellees.**

**No. 08–5421–cv.**

United States Court of Appeals,
Second Circuit.

Nov. 12, 2009.

Steven Banks (John Boston, Dale A. Wilker, & Veronica Vela, on the brief), The Legal Aid Society, New York, NY, for Plaintiffs–Appellants.

Julie Steiner, Assistant Corporation Counsel (Barry Schwartz, on the brief), on behalf of Michael A. Cardozo, Corporation Counsel of the City of New York, for Defendants–Appellees.

PRESENT: PIERRE N. LEVAL, REENA RAGGI and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Appellants, a class of pre-trial detainees at New York City jails, appeal the October 6, 2008, 2008 WL 4500689, decision of the district court (Baer, *J.*), terminating certain provisions of its April 26, 2001 order directing defendants the City of New York (the "City") and the Department of Corrections ("DOC") to remedy federal law violations arising from environmental conditions in City jails. Appellants claim the district court (1) misinterpreted the requirement of the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(b)(3), that prospective relief be supported by a showing of a "current and ongoing" violation of federal law; (2) erred in weighing the evidence as to whether a violation existed; (3) wrongly concluded that they failed to make a required showing of harm; and (4) afforded them insufficient opportunity to present evidence. Because we find that Appellants were not afforded a sufficient opportunity to present evidence demonstrating continuing violations of their constitutional rights, we address only their fourth claim, and vacate the district court's decision and remand on that basis. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our ruling.

Prospective relief awarded pursuant to the PLRA may not be terminated "if the court makes written findings based on the record" that such relief "remains necessary to correct a current and ongoing violation" of federal rights. 18 U.S.C. § 3626(b)(3). We have previously explained that "[e]vidence presented at a prior time ... [does] not show a violation that is 'current and ongoing.'" *See Benjamin v. Jacobson,* 172 F.3d 144, 166 (2d Cir.1999). Rather, the court must consider "conditions as of the time termination is sought." *Id.* This does not confine a court's review to a single day, nor was the district court of that view in this case. In reaching its challenged decision, the court considered evidence gathered over eleven months, notably (1) a report covering January–April 2008 and prepared by the Office of Compliance Consultants ("OCC"), a monitoring agency created by court order in this case in 1982; (2) a report of May 2007 observations prepared by Eugene Pepper, a sanitarian retained by OCC; and (3) voluminous DOC inspection records from July 2007 through March 2008. The DOC records, in particular, were produced in response to the court's order granting limited discovery. However, the court denied Appellants' requests for more extensive discovery, and limited the time period for discovery to approximately one month. The district court also declined to conduct an evidentiary hearing.

We review the district court's conduct of discovery and its denial of an evidentiary hearing for abuse of discretion. *See In re Agent Orange Prod. Liab. Litig.,* 517 F.3d 76, 103 (2d Cir.2008) ("A district court has wide latitude to determine the scope of

discovery, and [we] ordinarily defer to the discretion of district courts regarding discovery matters.") (internal quotation marks omitted); *Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir.2000) ("The district court's denial of an evidentiary hearing is subject to an abuse of discretion standard of review."). "A district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot,* 534 F.3d 117, 132 (2d Cir.2008).

In *Benjamin v. Jacobson,* we held that, in response to a defendant's PLRA-based motion to terminate prospective relief, "the district court must allow the plaintiffs an opportunity to show current and ongoing violations of their federal rights." 172 F.3d at 166. We reversed where, in vacating the original consent decrees in that case, the district court had "denied plaintiffs' request for an opportunity to present evidence." *Id.* at 152. Here, it is true, the district court considered a voluminous record developed over the period of nearly a year. Yet the court appears to have discounted much of the evidence produced by OCC and the persons retained by it—including evidence that directly conflicted with the Appellees' internal reports—on the grounds that the OCC reports were both older and less frequent than the internal reports of Appellees. At the same time, the limited time frame allotted for discovery made it difficult for these outside observers to conduct additional inspections, potentially providing evidence with which Appellants could challenge Appellees' reports. When plaintiffs challenging the self-reporting of detention facilities are necessarily forced by a court's discovery order to rely on outside reports regarded by the court as too infrequent or stale to overcome defendants' regular internal reporting, and are also denied an evidentiary hearing during which they might have discredited defendants' contrary evidence, they are not afforded a meaningful "opportunity" to show continuing violations of their rights, as the law requires. *See id.* at 166; *see also In re Agent Orange,* 517 F.3d at 103 (requiring a "meaningful opportunity to establish the facts"). Accordingly, the district court's order is vacated.

We are mindful that the conduct of discovery remains within the sound discretion of the district courts, and of the concern, evident in the record below, that an effort by a prison to terminate prospective relief should not necessitate months or years of discovery when the conditions at issue are the subject of ongoing monitoring. On remand, the district court need do no more than provide Appellants a *reasonable* opportunity to take discovery of current conditions, present evidence, and challenge Appellees' internal reports. And the weighing of any evidence provided by Appellants after such an opportunity remains the task of the district court judge. *See Phoenix Global Ventures LLC v. Phoenix Hotel Assocs., Ltd.,* 422 F.3d 72, 76 (2d Cir.2005) ("[C]lear error review mandates that we defer to the district court's factual findings, particularly those involving credibility determinations.").

For the foregoing reasons, the judgment of the district court is hereby VACATED and the case REMANDED to the district court for further proceedings consistent with this opinion.